UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:06-101-KKC

EDSEL E. HALE,                                                          PETITIONER

v.                                            **OPINION**

LARRY CHANDLER, Warden,                                                 RESPONDENT

This matter is before the Court on Edsel E. Hale's ("petitioner") Petition for a Writ of

Habeas Corpus [Rec. No. 1], filed March 6, 2006, pursuant to 28 U.S.C. § 2254 and respondent's

subsequently filed motion to dismiss or in the alternative motion for summary judgment [Rec. No.

6].  The Court referred the matter to former Magistrate Judge J. B. Johnson, Jr. ("the Magistrate"), of

the United States District Court for the Eastern District of Kentucky who issued a Report and

Recommendation [Rec. No. 11].  The petitioner filed objections to portions of the Magistrate's

Judge's Report and Recommendation [Rec. No. 16].  When the parties to an action object to a

Report and Recommendation, "the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1)(C).  This Court, upon conducting a *de novo* review and considering the petitioner's

objections will grant the respondent's motion to dismiss.

**I. Facts and Procedure**

On August 18, 2000, petitioner was indicted for first degree robbery, second degree assault,

attempted murder, kidnapping, and first degree persistent felony offender.  Specifically, it was

charged that petitioner:

> Unlawfully committed the offenses stated above by being armed with a handgun and striking
> Charles Bright in the head with the gun forcing him at gunpoint into the truck and while
> being held at gunpoint, the suspect drove his truck to [Knox County] on [Highway 11] in the
> Green Rd. area.  Charles Bright was robbed of cash, vehicle, and animals that were in the
> truck.  Charles Bright was assaulted in the head with the gun requiring medical attention and

stitches.

Appx. at 19.

The court appointed Bruce Lominac as counsel for petitioner on December 15, 2000. Petitioner claims that Lominac had no contact with him until 7:00 p.m. on February 12, 2001. He claims that their only meeting prior to trial was brief, lasting only three minutes, included no discussion of strategy or defense, and that counsel admitted that despite having received discovery, he had not done anything on the case yet and would seek a continuance. Appx. 37-38.

A jury trial commenced on February 14, 2001 and petitioner complained to the judge that his counsel was unprepared. Appx. 56-57. After petitioner's request for a continuance and for different counsel was denied, petitioner accepted an existing plea offer. Trial court Judge Roderick Messer conducted a colloquy and accepted petitioner's unconditional guilty plea and a judgment of conviction was entered the same day. Petitioner's subsequent motion to withdraw his guilty plea was denied. After a court-ordered psychological exam confirmed petitioner's competency, a total sentence of thirty years in prison was imposed. Petitioner then filed a notice of appeal.

Petitioner's trial counsel explained that he would not be handling the appeal and forwarded the file to another attorney in the Department of Public Advocacy ("the Department"), Dennis Stutsman. Appx. 42. Petitioner allegedly repeatedly contacted the Department and the Kentucky Supreme Court regarding his appeal and was informed that Bruce Lominac was still his appellate counsel of record. On July 31, 2001, the Kentucky Supreme Court dismissed the appeal because no brief had been filed. Appx. at 42. After petitioner contacted the Department about the dismissal, public defender Dennis Stutsman filed a motion for belated appeal. On May 21, 2003, the Kentucky Supreme Court granted the motion and appointed John Palombi of the Department as appellate counsel. The appeal was reinstated and was ultimately fully considered on the merits.

2

On direct appeal, counsel argued that the "court improperly accepted petitioner's guilty plea when there was a question as to his competence and failure to hold a competency hearing prior to sentencing." Appx. 5-13. In addition to the claims asserted, petitioner wanted to assert several additional issues that appellate counsel did not present in the brief. As a result, he filed several *pro se* motions, including a motion to supplement counsel's appellate brief including all of the substantive arguments that he wanted to raise on direct appeal. Appx. at 37-80. However, the motion was returned by the court clerk because it had not been signed by counsel of record and therefore failed to comply with the applicable filing requirements. Appx. 81.

Petitioner then filed another *pro se* motion asking the court to accept petitioner's *pro se* pleadings because of exceptional circumstances, or in the alternative to relieve counsel of his appointment, and allow petitioner to tender his pleading *pro se.* Appx. 82-85. In this motion, petitioner claimed that appellate counsel was ineffective because counsel failed to raise the additional issues that petitioner had raised previously in his *pro se* motion, which was rejected by the court. However, petitioner failed to specifically identify the issues raised in his prior motion. Consequently, the motion was denied by the Kentucky Supreme Court and petitioner's conviction and sentence were affirmed in a unanimous decision issued on February 17, 2005. *Hale v. Commonwealth*, 156 S.W.3d 274 (Ky. 2005).

Without filing any state post-conviction motions, petitioner filed a Petition for a Writ of Habeas Corpus on March 6, 2006 [Rec. No. 1]. The Petition alleged ineffective assistance of trial and appellate counsel and claimed that his guilty plea was involuntary and unintelligent. The basis of the claim for ineffective assistance of appellate counsel on direct appeal was counsel's failure to raise ineffective assistance of trial counsel on direct appeal and failure to confer with petitioner and

3

keep him adequately informed about the status of his appeal.  Regarding the claim for ineffective assistance of trial counsel, petitioner claimed that his lawyer was unprepared for trial, failed to subject the prosecution's case to any meaningful adversarial testing and that the guilty plea that was entered was the result of this ineffective assistance.

These arguments were reviewed by the Magistrate, who filed a Report and Recommendation on July 24, 2006 [Rec. No. 11].  The Magistrate concluded that petitioner had failed to exhaust his state remedies for the ineffective trial counsel claim because he could still have collaterally attacked his conviction using Rule 11.42.[1]  The Magistrate Judge also found that petitioner had not exhausted his ineffective appellate counsel claim, but found that the exhaustion requirement should be excused because Kentucky courts do not consider ineffective assistance of appellate counsel a cognizable claim.

Finally, the Magistrate determined that petitioner's claim that his guilty plea was involuntary and unintelligent was procedurally defaulted because his conviction was not appealed on those grounds.  At the time that the Report and Recommendation was issued, the Magistrate reserved analysis of whether the default could be excused until petitioner exhausted his state remedies for the ineffective trial counsel claim.  Consequently, the Magistrate Judge recommended staying the petition and holding it in abeyance until exhaustion occurred.  When petitioner failed to object to the Magistrate's Report and Recommendation within ten days, the Court adopted the Report and Recommendation as its Opinion and entered judgment accordingly [Rec. No. 13].

More than one year later, on December 17, 2007, petitioner filed a *pro se* motion asking this Court to set aside its earlier Judgment [Rec. No. 18].  Petitioner explained that he had never been

---

[1] Under Kentucky Rule of Criminal Procedure 11.42, "a prisoner in custody under sentence...who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside, or correct it.  Ky. R.Cr.P. 11.42(1).

served with a copy of the Report and Recommendation and had no opportunity to object.  On

February 4, 2008, the Court granted the motion and set aside its earlier Judgment [Rec. No. 19].

Two months later, petitioner was served with a copy of the Report and Recommendation.  He was

subsequently granted an additional ten days to file objections, which he did on April 25, 2008 [Rec.

No. 22].  In his objections, petitioner essentially argued that exhaustion and procedural default

should not impede review of his claims because he had done everything possible to allow his claims

to be heard at the state court level and had been frustrated by events beyond his control.

     At the present date, this case presents unique difficulties because of its unusual procedural

posture.  When the Magistrate originally issued the Report and Recommendation, his finding that

petitioner could still pursue state court post-conviction relief via a Rule 11.42 motion was accurate.

However, today, a Rule 11.42 motion is no longer available because of the applicable three year

statute of limitations.[2]  Consequently, the only question remaining is which, if any, of petitioner's

claims may now be considered in federal court.  The Court is required to exercise jurisdiction over

all claims that have been exhausted and are not procedurally defaulted.

     Adapting the Magistrate Judge's legal analysis to the current status of the habeas petition, the

only claim has not been procedurally defaulted is ineffective assistance of appellate counsel.

Consequently, the Court will consider the merits of this claim and explain why the ineffective trial

counsel and involuntary guilty plea claims are procedurally defaulted.

## II. Standard of Review

     A district court's review of petitions for a writ of habeas corpus is governed by the Anti-

terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *28 U.S.C. § 2254, 28 U.S.C. §*

---

[2] Under Rule 11.42(10), "any motion under this rule shall be filed *within three years after the judgment becomes final...*"(emphasis added).  This three year filing period for filing a motion for post conviction relief expired on February 17, 2008, three years after petitioner's conviction was affirmed by the Kentucky Supreme Court.

*2254(d).* The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to"clause of the statute, federal courts may only grant relief where state courts in affirming a conviction arrived at a conclusion contrary to Supreme Court precedent on a question of federal constitutional law or decided the case differently than the way the Supreme Court decided the same constitutional question on a set of indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389  (2000).

The "unreasonable application" clause of the statute only warrants relief where state courts apply the correct governing principle of constitutional law but apply that principle unreasonably to the facts in question. *Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003) (citing *Williams*, 529 U.S. at 412-13).  Relief is also available under this clause if a state court's decision "unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir.2003), *cert. denied*, 540 U.S. 1004 (2003). The proper inquiry is whether the state court decision was objectively unreasonable and not simply erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003), *cert. denied*, 543 U.S. 1080 (2005).

Under the AEDPA, clearly established federal law refers to the holdings of the Supreme Court when a particular state court decision is reached. *Williams*, 529 U.S. at 412; *Williams v.*

6

*Bagley*, 380 F.3d 932, 942 (6th Cir. 2004). However, the decisions of lower federal courts may be used to determine how Supreme Court precedent has been applied to different factual situations and to assist the courts in determining whether a legal principle or right has been clearly established. *Hill v. Hofbauer*, 337 F.3d 706, 716 (6th Cir. 2003).

### III. Petitioner's Claims

The petitioner alleges that he is entitled to a writ of habeas corpus for three reasons. First, he alleges ineffective assistance of trial counsel because counsel was unprepared for trial and failed to subject the prosecution's case to meaningful adversarial testing. Second, he alleges that his guilty plea was involuntary and unintelligent as a direct result of trial counsel's ineffectiveness. Finally, petitioner claims appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel on direct appeal.

### A. Ineffective Assistance of Trial Counsel Claim

### 1. Claim is Procedurally Defaulted

Petitioner claims that trial counsel was ineffective which caused him to enter an involuntary and/or unintelligent guilty plea. He asserts that counsel was unprepared going into trial, failed to communicate adequately with him or to subject the prosecution's case to any meaningful adversarial testing. However, this issue was never raised with the Kentucky state courts. On direct appeal, the only issue raised was whether the court improperly failed to conduct a hearing or to otherwise consider petitioner's competence in either accepting the guilty plea or imposing a sentence.[3]

---

[3] Petitioner claims that his pro se briefs submitted to the Kentucky Supreme Court provide evidence that he raised the issue in the state courts. However, these efforts did not comply with the applicable procedural rules and could not be considered by the Kentucky Supreme Court. The first *pro se* brief was returned by the clerk of the court under Kentucky Rule of Civil Procedure 11 which requires that "every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated." Ky. Civ. P. R. 11. When this motion was filed, petitioner was of course still represented by counsel, so the filing was not accepted and the Kentucky Supreme Court never had the chance to consider it.

Ineffectiveness of trial counsel also was not raised in a Rule 11.42 motion collaterally attacking the

conviction.  In fact, petitioner never attempts to explain why he failed to raise this issue in state

court.  Consequently, petitioner procedurally defaulted the ineffective assistance of trial counsel

claim when he failed to fairly present it to the Kentucky state courts.[4]  *See* 28 U.S.C. § 2254(b); *Gray*

*v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) (indicating that §

2254(b) "bars the granting of habeas corpus relief unless it appears that the applicant has exhausted

the remedies available in the courts of the State."); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1,

111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)(explaining that where a petitioner has failed to present

claims in state court and would now be procedurally barred from raising them, a procedural default

exists for purposes of federal habeas corpus relief).

 A petitioner's procedural default can only be excused if he can establish cause and prejudice

for the failure to raise a claim in the state courts.  *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir.

2000).   Petitioner claims that ineffective assistance of appellate counsel is the cause and prejudice

excusing his procedural default in state court.

## 2. Appellate Counsel's Failure to Raise a Claim on Direct Appeal can Establish Cause to Excuse a Procedural Default.

 Petitioner claims that his procedural default should be excused because of ineffective

assistance of appellate counsel.  Specifically, he argues that appellate counsel should have raised the

issue of ineffective assistance of trial counsel on direct appeal but failed to do so.

 A claim asserted as "cause" to excuse a procedural default may not itself have been

---

Petitioner's second set of *pro se* motions were also denied because they failed to assert the claims that appellate counsel allegedly failed to raise on appeal.

 [4]Petitioner's direct appeal was completed through the Kentucky Supreme Court which affirmed his conviction in February of 2005.  The conviction can no longer be challenged pursuant to Kentucky Rule of Criminal Procedure 11.42 because of the elapse of its three year statute of limitations.

procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 146 L. Ed. 2d

518 (2000).  Petitioner did not present his ineffective assistance of appellate counsel claim to the

Kentucky state courts.  However, as the Magistrate Judge found, there is ample evidence that

Kentucky courts do not recognize such a claim.  *See Lewis v. Commonwealth*, 42 S.W. 3d 605, 614

(Ky. 2001) (indicating that "ineffective assistance of appellate counsel is not a cognizable" claim).[5]

In situations such as this where there appears to be "an absence of State corrective process," it is

appropriate for federal courts to consider the merits of claims not raised in the state courts, such as

the ineffective assistance of appellate counsel claim.  *See* 28 U.S.C. § 2254 (b)(1)(B)(I); *Meece v.*

*Simpson*, No. 08-62, 2009 U.S. Dist. LEXIS 29391, at *16 (E.D. Ky.); *see also Morris v. Motley*,

2007 U.S. Dist. LEXIS 79594, 2007 WL 3171538 (W.D. Ky.).

**3. Appellate Counsel's Failure to Raise Ineffective Assistance of Trial Counsel on Direct Appeal is not "Cause" Excusing Petitioner's Procedural Default.**

In *Coleman v. Thompson*, the Supreme Court explained that "cause under the cause and

prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed

to him."  501 U.S. 722, 753, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991).  Petitioner argues that

appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal meets the

cause and prejudice test.  However, only attorney error amounting "to ineffective assistance of

counsel can constitute cause under the cause and prejudice test."  *Hinkle v. Randle*, 271 F.3d 239,

245 (6th Cir. 2001)(citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)).  "So long as a

defendant is represented by counsel whose performance is not constitutionally ineffective" under the

*Strickland* standard, the Supreme Court has required individuals to bear the risk of attorney errors

---

[5] The Magistrate Judge noted in his Report and Recommendation, that an individual may claim ineffective assistance of appellate counsel in Kentucky state courts and have his appeal reinstated only where the ineffective assistance resulted in him losing the right to his appeal such as where no appeal is filed or where the appeal is dismissed.  *See Commonwealth v. Wine*, 694 S.W. 2d 689, 694 (Ky. 1985).

resulting in procedural defaults. *Murray v. Carrier*, 477 U.S. 478, 494-95, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

Petitioner argues that appellate counsel's failure to raise the ineffective trial counsel issue is an error meeting the *Strickland* standard. This Court disagrees. Under *Strickland*, there is a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 80 L. Ed. 2d 674, 106 S. Ct. 2639 (1984). The main focus of an inquiry into the performance of counsel focuses on "whether in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance" at the time that the actions were taken. *Id.* Furthermore, even where counsel's performance is deficient a petitioner must also show that actual prejudice resulted because of the attorney's errors. *Id.* at 692.[6]

Because petitioner cannot establish that appellate counsel's decision not to raise ineffective assistance of trial counsel on direct appeal was "outside of the wide range of professionally competent assistance" it is unnecessary to address the prejudice element. *See Murray v. Carrier*, 477 U.S. 478, 494-95, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ("Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice.").

It is well established that indigent defendants do not have the right to "compel appointed counsel to press non-frivolous points requested by the client, if counsel as a matter of professional judgment, decides not to pursue those points." *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). Consequently, tactical choices regarding what issues are raised on appeal are

---

[6] To make the actual prejudice showing, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

properly left to the sound judgment of counsel.  *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).

While petitioner's appellate counsel could have raised ineffective assistance of trial counsel on direct appeal, petitioner must satisfy the court that it was unconstitutionally unreasonable not to do so.  Decisions by Kentucky state courts indicate that counsel's decision to not raise ineffective assistance of trial counsel on direct appeal was not improper.

In *Humphrey v. Commonwealth*, the court noted that "as a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered." *Humphrey v. Commonwealth*, 962 S.W.2d 870, 872 (Ky. 1998)(quoting *Caslin v. Commonwealth, Ky.*, 491 S.W.2d 832 (1973)).  The court further explained that:

> [C]laims of ineffective assistance of counsel are *best suited to collateral attack proceedings, after the direct appeal is over, and in the trial court where a proper record can be made*. This is not to say however, that a claim for ineffective assistance of counsel is precluded from review on direct appeal, provided there is a trial record, or an evidentiary hearing is held on motion for a new trial and the trial court rules on the issue.

*Id.* at 872-73.  These concerns are apparent in the present case where there would have been a very limited trial record to use as a basis for an ineffective assistance claim.  While a jury trial commenced in this case on February 14, 2001, petitioner accepted a plea offer after the trial court denied a request for a continuance and for different counsel.  The basis for Hale's ineffective assistance claim is counsel's lack of preparation for trial and lack of communication regarding the case prior to trial.  Any deficiency in this regard would not have been apparent from the record on direct appeal.[7]  Consequently, the ineffective assistance claim would have been better raised after the

---

[7] The only statements that the appellate court could have looked to would have been Hale's claims that he had limited contact with his attorney prior to trial, and that counsel had not yet worked on the case as of two days before the trial began.  However, there is no evidence what counsel did during those two days, or what preparation

direct appeal, using a Rule 11.42 motion.  The claim could then have been brought in a trial court where a proper record could have been made.[8]

Kentucky case law also indicates that raising ineffective assistance of trial counsel on direct appeal creates the risk that the issue will be decided adversely to the defendant because the record at that time is unlikely to contain much evidence of the claimed ineffective assistance.  The decision to raise the issue on direct appeal is made more risky by the fact that if the issue is decided on direct appeal, defendants cannot later collaterally attack a conviction under Rule 11.42 on a claim that has already been considered.  For example, in *Leonard v. Commonwealth*, the court explained that "where the collateral ineffective assistance of counsel claim is presented in the course of the direct appeal...the issue cannot be re-litigated in a collateral attack...."  *Leonard v. Commonwealth*, 2009 Ky. LEXIS 19, at *16 (Ky. 2009); *see also Bowling v. Commonwealth*, 981 S.W.2d 545, 549 (Ky. 1998).  The court also pointed out that "the very essence of the danger in raising an ineffective assistance of counsel claim on direct appeal....[is that] [e]vidence of such claims, more often than not, lacks adequate development at the time of the initial appeal."  *Id.*  (quoting *Wilson v. Commonwealth*, 975 S.W.2d 901, 903-04 (Ky. 1998)).

Accordingly, this Court cannot conclude that appellate counsel's decision not to raise this claim on direct appeal was an error in judgment.  In fact, it appears that this was likely the best course of action at the time of the direct appeal because of the inadequacy of the record and the substantial risk that any decision reached on the issue would be adverse to petitioner and would have

---

he had actually done.  The record contains no statements from trial counsel regarding his level of preparation for the case.

[8] Under Kentucky Rule of Criminal Procedure 11.42(5) a hearing will be held if there are material issues of fact raised by the motion that cannot be determined from the record.  In this case, none of Hale's factual allegations would have been in the record, so he would have needed a hearing to develop a record regarding the ineffective assistance claim.

barred him from subsequently raising the issue using a Rule 11.42 motion.

Petitioner has failed to show that appellate counsel was constitutionally ineffective and consequently cannot make the required showing of cause and prejudice to excuse his procedural default of the ineffective assistance of trial counsel claim.  He also has not presented evidence that "failure to consider the claim will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750. Accordingly, this Court will dismiss the claim for ineffective assistance of trial counsel.

## B. Ineffective Assistance of Appellate Counsel

The Court also concludes that petitioner's claims of ineffective assistance of appellate counsel claims are without merit.  Generally, a state prisoner must exhaust state remedies before seeking a writ of habeas corpus in federal court.  *Banks v. Dretke*, 540 U.S. 668, 690, 124 S. Ct. 1256, 1271, 157 L. ED.2d 1166 (2004).  However, as discussed in the prior section, the AEDPA, at 28 U.S.C. § 2254 provides an exception to the exhaustion requirement where "there is an absence of available State corrective process."  28 U.S.C. § 2254.  Kentucky does not recognize a claim for ineffective assistance of appellate counsel except in limited circumstances.[9] *See, e.g.*, *Lewis v. Commonwealth, Ky.*, 42 S.W.3d 605, 614 (KY. 2001) (noting that the issue of ineffective assistance of appellate counsel was "not a cognizable issue in this jurisdiction"); *Roberson v. Commonwealth, K.Y.*, 2004 WL 2676306 at * (Ky. App. 2004) (noting that "the Kentucky Supreme Court has repeatedly held that ineffective assistance of appellate counsel is not a cognizable issue").

---

[9] *See, e.g.*, *Lewis v. Commonwealth, Ky.*, 42 S.W.3d 605, 614 (KY. 2001) (noting that the issue of ineffective assistance of appellate counsel was "not a cognizable issue in this jurisdiction"); *Roberson v. Commonwealth, K.Y.*, 2004 WL 2676306 at *1 (Ky. App. 2004) (noting that "the Kentucky Supreme Court has repeatedly held that ineffective assistance of appellate counsel is not a cognizable issue"); *Anderson v. Commonwealth, K.Y.*, 2003 WL 22149296, at *9 (Ky. 2003).  The Supreme Court of Kentucky only recognizes a claim for ineffective assistance of appellate counsel where (1) a defendant's appeal is dismissed because of the ineffective assistance of counsel, and (2) if a conviction was not appealed because of the neglect of counsel.  Neither of these limited circumstances are raised by petitioner because his conviction was appealed and that appeal was denied on the merits by the Kentucky Supreme Court.

Kentucky's failure to recognize this claim meets the absence of a state corrective process exception to the exhaustion requirement. *See, e.g.*, *Meece v. Simpson*, No. 08-62, 2009 U.S. Dist. LEXIS 29391, at *22.

As already discussed with regard to the ineffective trial counsel claim, appellate counsel's failure to raise that issue on direct appeal does not amount to constitutionally deficient representation. This only leaves the petitioner with vague claims that appellate counsel failed to adequately communicate with him and failed to keep him informed of the status of his appeal. No specific facts are alleged regarding these issues and this Court has no basis upon which to determine that any of these failures would satisfy the *Strickland* test. Accordingly, petitioner's claim for ineffective assistance of appellate counsel is dismissed.

## C. Involuntary and/or Unintelligent Guilty Plea

Petitioner's final claim is that his guilty plea was neither voluntary nor intelligent because of ineffective trial counsel. Petitioner did not appeal the validity of his plea on these grounds and the claim is procedurally defaulted. *See Bonilla v. Hurley*, 370 F.3d 494, 497-98 (6th Cir.), *cert. denied*, 125 S. Ct 506 (2004)(finding claims defaulted because prisoner did not appeal them). As noted in the discussion of petitioner's ineffective assistance of trial counsel claim, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainright v. Sykes*, 433 U.S. 72, 77-91 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To excuse this default, petitioner must meet the cause and prejudice test. However, he has

presented insufficient evidence to meet either the cause or prejudice prong.[10]  Petitioner claims that

the Magistrate's finding that this claim was procedurally defaulted was error because it should have

been considered part of the ineffective assistance of trial counsel claim.  This does not help

petitioner's case because the ineffective assistance of trial counsel claim has been procedurally

defaulted.  As a result, petitioner's claim that his guilty plea was involuntary and/or unintelligent is

dismissed.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may be issued where

makes a substantial showing of the denial of a constitutional right.  This showing is made when it

appears that "reasonable jurists could debate whether...the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed

further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931

(2003)(citations omitted).  The Court finds that in this case, reasonable jurists would not find

debatable or wrong the correctness of the assessments made.  Therefore, the Court will decline to

issue a Certificate of Appealability.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that the respondent's motion to dismiss [Rec. No. 6] is **GRANTED.**

---

[10] Petitioner has not argued that ineffective assistance of appellate counsel is the cause for this procedural default.  However, the Court notes that even if this had been raised as cause, it would have been insufficient because at the time of the direct appeal, the reviewing court would not have had an adequate record to determine the adequacy of trial counsel's representation which would have been the basis for challenging the guilty plea.  To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985).  While petitioner makes general claims that his lawyer was unprepared for trial, during the course of his plea colloquy, he indicated that he was generally satisfied with the assistance that his lawyer had given him and made representations that his plea was knowing, voluntary and intelligent.

**IT IS FURTHER ORDERED** that the petitioner's application for a writ of habeas corpus [Rec. No. 1] is **DENIED AND DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED,** because the petitioner has failed to make a substantial showing of the denial of a constitutional right.

Dated this 28th day of September, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**