UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:06-101-KKC

EDSEL E. HALE,                                                      PETITIONER

v.                         **OPINION AND ORDER**

LARRY CHANDLER, WARDEN,                                 RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion of the Petitioner, Edsel E. Hale, for Order/Judgment Nunc Pro Tunc [R. 38]. On September 28, 2009, the Court issued an Opinion and Order and Judgment dismissing the Petitioner's Habeas Corpus petition [R. 33, 34]. The Petitioner failed to timely file a notice of appeal. However, the Petitioner now seeks relief from this Court claiming that he did not receive a copy of the Court's Judgment and was thus unable to timely file a notice of appeal. On August 26, 2010, the Court ordered the Respondent to respond to the Petitioner's motion and specifically address whether the time for the Petitioner to file an appeal should be reopened in light of Federal Rule of Appellate Procedure 4(a)(6) [R. 40]. The Court also stated that any reply submitted by the Petitioner should explain why he is entitled to relief in light of that rule. Federal Rule of Appellate Procedure 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)     the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C)     the court finds that no party would be prejudiced.

The Petitioner satisfies the three requirements of this rule. First, the Court finds that the Petitioner did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the

September 28, 2009 judgment because the Respondent concedes that all prisoner mail is logged in the ordinary course of business and "[t]here is no entry indicating receipt of a court order dated September 28, 2009." [R. 41]. Second, the Court finds that the Petitioner filed the present motion within 180 days after the judgment was entered–the earlier date specified in Federal Rule of Appellate Procedure 4(a)(6)(B). Specifically, the Petitioner filed the present motion on March 26, 2010, 179 days after the Court's September 28, 2009 judgment was entered.[1] Third, the Court finds that no party would be prejudiced by providing the Defendant with an opportunity to be heard before the United States Court of Appeals for the Sixth Circuit.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The Petitioner's Motion for Order/Judgment Nunc Pro Tunc [R. 38] is **GRANTED**;

(2) The Petitioner has **FOURTEEN (14) DAYS** from the entry of this Order to file an appeal of the Court's September 28, 2009 Opinion and Order and Judgment dismissing the Petitioner's Habeas Corpus petition; and

(3) The Clerk of the Court is **DIRECTED** to mail a certified copy the Court's September 28, 2009 Opinion and Order and Judgment [R. 33, 34] and the instant Opinion and Order to the Petitioner, Edsel E. Hale, at the Kentucky State Reformatory in LaGrange, Kentucky.

Dated this 13th day of December, 2010.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**

---

[1] It is worth noting that the Petitioner initially filed his motion on January 19, 2010 [R. 35], but it was stricken by this Court [R. 37] because it was not signed by the Petitioner. Thus, this matter was not properly before the Court until March 26, 2010, when the Petitioner re-filed his motion with his signature.